IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:10cv226

| | | |
|---|---|---|
| In re: ALAN LEWIS ROBINSON, | ) ) | Bankruptcy Case No. 09-11109 |
| Debtor. | ) ) | |
| ALAN LEWIS ROBINSON, | ) ) | |
| Appellant, | ) ) | |
| vs. | ) ) | **O R D E R** |
| ROBERTS & STEVENS, P.A., | ) ) | |
| Appellee. | ) ) | |

**THIS MATTER** is before the Court on the Appellant's *pro se* Notice of Appeal of the Bankruptcy Court's Order denying the Debtor's motion to dismiss. For the reasons stated herein, the Order of the Bankruptcy Court is affirmed.

I. **PROCEDURAL HISTORY**

This is the second appeal filed by the Appellant from the underlying bankruptcy proceedings. A full recounting of the procedural history of this case is set forth in this Court's Order disposing of the Appellant's first

appeal [see Civil Case No. 1:09cv453, Doc. 10], and thus will be summarized only briefly here.

On November 25, 2009, the Honorable George R. Hodges, United States Bankruptcy Judge, granted the Trustee's motion to modify the Appellant's Chapter 13 bankruptcy and to convert it to a Chapter 7 liquidation. [Bankr. Doc. 28].[1] No appeal was taken from that Order. On the same day, the Appellant filed a *pro se* motion for voluntary dismissal of the Chapter 13 case. [Bankr. Doc. 29]. On December 1, 2009, the Bankruptcy Court denied that motion, ruling that the dismissal was ineffective because the case already had been converted to Chapter 7. [Bankr. Doc. 35]. The Appellant then filed a *pro se* motion for reconsideration of the denial of the motion for voluntary dismissal. [Bankr. Doc. 37]. That motion also was denied. [Bankr. Doc. 40]. The Appellant then appealed to this Court. In an Order entered September 9, 2010, this Court held that to the extent that the Appellant was attempting to appeal the November 25, 2009 order converting his Chapter 13 case to a Chapter 7 case, such appeal was untimely. This Court further denied the

---

[1] Documents filed in the underlying bankruptcy proceeding will be hereinafter identified as "Bankr. Doc. __." Any documents filed in this appeal before the District Court will be identified as "Doc. __."

Appellant's request to file an interlocutory appeal with respect to the Bankruptcy Court's Orders denying the Appellant's motion to dismiss the Chapter 13 proceeding and his motion for reconsideration, and this matter was remanded to the Bankruptcy Court for further proceedings. [Civil Case No. 1:09cv453, Doc. 10].

Upon remand, the Appellant filed a *pro se* motion to dismiss the Chapter 7 case. [Bankr. Doc. 89]. The Bankruptcy Court held a hearing on this motion on September 22, 2010, and announced its decision to deny the Appellant's motion at that hearing. The Bankruptcy Court entered an Order denying the motion to dismiss on October 4, 2010 [Bankr. Doc. 92], and an amended Order denying the motion on October 5, 2010 [Bankr. Doc. 95].

Before these Orders were entered, the Appellant filed a *pro se* filing entitled "Notice of Appeal to United States Court of Appeals for the Fourth Circuit," purporting to appeal the denial of his motion to dismiss the Chapter 7 proceeding. [Bankr. Doc. 93]. On October 7, 2010, the Bankruptcy Court entered an Order treating the Appellant's filing as one seeking certification of direct appeal to the Fourth Circuit and denying the Appellant's request for certification. The Bankruptcy Court then ordered

the Appellant's filing to be docketed as a notice of appeal to this Court. [Bankr. Doc. 96].

The Bankruptcy Court further noted in its order that because of the confusion caused by the caption of the Appellant's filing, the Bankruptcy Clerk charged and received only the $200 fee required for a direct appeal to the Fourth Circuit, instead of the $255 required for the filing of a notice of appeal with this Court. The Bankruptcy Court therefore extended the deadline for the Appellant to pay the balance of the filing fee to October 21, 2010. [Id.]. On October 19, 2010, the Appellant filed a *pro se* motion to extend the deadline for paying the remainder of the filing fee. [Bankr. Doc. 100]. That motion was denied on October 21, 2010. [Bankr. Doc. 103]. There is no indication in the Bankruptcy Court record that the remainder of the filing fee was ever paid.

## II. DISCUSSION

At the outset, the Court notes that the Appellant has paid only $200 of the $255 filing fee required for this appeal. Rule 8001(a) of the Federal Rules of Bankruptcy Procedure requires that an appeal of a Bankruptcy Court decision "be accompanied by the prescribed fee." Failure to comply

4

with the requirements of Rule 8001(a) may constitute grounds for dismissal of an appeal if the Court deems such action appropriate. See id. While the Appellant's failure to pay the full filing fee could serve as grounds to justify the dismissal of his appeal, the Court is mindful of the Fourth Circuit's admonition that "justice is better served when controversies are decided on their merits rather than procedural technicalities." In re SPR Corp., 45 F.3d 70, 73 (4th Cir. 1995) (citation omitted). Accordingly, the Court in its discretion will proceed to address the merits of the Appellant's appeal.

The Appellant's Notice of Appeal states that the Appellant seeks to appeal from the Bankruptcy Court's denial of his motion to dismiss the involuntary Chapter 7 proceeding. [Doc. 1]. In his appellate brief, however, the Appellant again attempts to challenge the November 25, 2009 Order converting his Chapter 13 case to Chapter 7. To the extent that the Appellant again seeks to appeal the conversion of his Chapter 13 case, that attempt fails because any such appeal is untimely. The Court therefore will dismiss any such appeal for that reason.

With respect to the Appellant's appeal of the denial of his motion to dismiss the Chapter 7 proceeding, the order from which appeal is being sought is an interlocutory order. See Culver v. Molinario, No. 94-1974,

1995 WL 570437, at *1 (4th Cir. Sep. 28, 1995) (per curiam) (holding that an order denying dismissal of Chapter 7 case "is clearly interlocutory in nature"); see also In re Hickman, 384 B.R. 832, 836 (9th Cir. BAP 2008) ("An order denying a motion to dismiss a bankruptcy case is ordinarily interlocutory."). An appeal from an interlocutory order may lie only upon obtaining leave of court. See 28 U.S.C. § 158(a). Although the Appellant has not made a formal request for leave to appeal in this case, the Court will construe his timely-filed notice of appeal as a motion for leave to appeal. See Fed. R. Bankr. P. 8003(c).

"In seeking leave to appeal an interlocutory order or decision [of the Bankruptcy Court], the appellant must demonstrate that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." KPMG Peat Marwick, L.L.P. v. Estate of Nelco, Ltd., 250 B.R. 74, 78 (E.D. Va. 2000) (citations and internal quotation marks omitted). In determining whether to grant leave to appeal an interlocutory order of the Bankruptcy Court, the Court employs an analysis similar to that employed by the Court of Appeals in certifying interlocutory review under 28 U.S.C. § 1292(b). Atlantic Textile Group, Inc. v. Neal, 191 B.R. 652, 653 (E.D. Va. 1996). Under that

6

analysis, leave to appeal an interlocutory order should be granted only when (1) it involves a controlling question of law, (2) as to which there is substantial ground for a difference of opinion, and (3) and an immediate appeal would materially advance the termination of the litigation. 28 U.S.C. § 1292(b).

The Appellant fails to address any of the § 1292(b) factors in either his Notice of Appeal or his appellate brief. Upon review of the record, the Court concludes that none of the factors are present in this case. The denial of Appellant's motion to dismiss does not present any controlling question of law over which there exists a substantial ground for difference of opinion. The determination of whether to grant or deny a dismissal of a bankruptcy case is a matter of discretion with the bankruptcy court. In re Turpen, 244 B.R. 431, 433 (8th Cir. BAP 2000). In exercising that discretion, the court must "consider the impact that a dismissal will have on the various entities involved in the case and . . . ascertain which direction satisfies the best interest of all parties." In re McCullough, 229 B.R. 374, 376 (Bankr. E.D. Va. 1999). Even if a debtor can show cause, the motion should be denied "if there is any showing of prejudice to creditors." Turpen, 244 B.R. at 434; McCullough, 229 B.R. at 376.

At the hearing on the Appellant's motion to dismiss, the Trustee represented to the Court that she intended to file an adversary proceeding seeking to set aside the Appellant's post-petition transfer of real estate, which was done without court approval. Based on the Trustee's representation, the Bankruptcy Court found that dismissing the case would not be in the best interest of all parties, and particularly, the creditors of the estate. [Bankr. Doc. 95]. The decision to deny Appellant's motion was based on the specific facts presented by the particular case and involved a question committed to the discretion of the bankruptcy judge. See In re 1820-1838 Amsterdam Equities, Inc., 176 B.R. 127, 130 (S.D.N.Y. 1994) ("The decision not to dismiss [the debtor's] case was fact-specific and based on the particular circumstances of the case. This sort of situation, absent 'extraordinary circumstances,' should not be appealed.").

Nor has the Appellant made any showing as to how this appeal would materially advance the bankruptcy proceeding. Any appeal of the Order denying the motion to dismiss necessarily would involve a review of the facts as found by the Bankruptcy Court. These factual findings are subject to review only for clear error. See In re Kirkland, 600 F.3d 310, 314 (4th Cir. 2010). "Because the fact-specific conclusions will be given the benefit

8

of a 'clearly erroneous' standard on appeal, an immediate appeal is unlikely to materially advance the ultimate termination of this litigation . . . ." 1820-1838 Amsterdam Equities, 176 B.R. at 130. For these reasons, the Court declines to allow this interlocutory appeal.

**O R D E R**

Accordingly, **IT IS, THEREFORE, ORDERED** that the Appellant's Notice of Appeal [Doc. 1] is construed as a motion for leave to appeal pursuant to Rule 8003 of the Federal Rules of Bankruptcy Procedure and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that to the extent that the Appellant again seeks to appeal the November 25, 2009 Order of the Bankruptcy Court converting his Chapter 13 case to a Chapter 7 case [Bankr. Doc. 28], such appeal is untimely and is hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that the Order of the Bankruptcy Court denying the Appellant's motion to dismiss the Chapter 7 case [Bankr. Doc. 92], as amended [Bankr. Doc. 95], is **AFFIRMED**.

**IT IS FURTHER ORDERED** that this matter is hereby **REMANDED** to the United States Bankruptcy Court for further proceedings.

**IT IS SO ORDERED**.

Signed: May 2, 2011

Martin Reidinger
United States District Judge