# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

## CIVIL CASE NO. 1:10cv226

| | |
|---|---|
| In re: ALAN LEWIS ROBINSON, )<br>)<br>Debtor. )<br>_____ )<br>)<br>ALAN LEWIS ROBINSON, )<br>)<br>Appellant, )<br>)<br>vs. )<br>)<br>ROBERTS & STEVENS, P.A., )<br>)<br>Appellee. )<br>_____ ) | Bankruptcy Case<br>No. 09-11109<br><br><br><br><br><br><br><br><u>O R D E R</u> |

**THIS MATTER** is before the Court on the Debtor's request for reconsideration of this Court's Order denying his request for an interlocutory appeal [Doc. 7] and the Debtor's "Response and Motion for Amendment to the Order," which seeks reconsideration of the Court's Order based on allegedly new evidence [Doc. 8].

The Court construes the Debtor's filings as requests for rehearing under the Federal Rules of Bankruptcy Procedure. Specifically, Rule 8015 provides that "a motion for rehearing may be filed within 14 days after entry of the

judgment of the district court . . . ." Fed. R. Bankr. P. 8015. Because Rule 8015 fails to specify a standard of review for rehearing motions, courts generally look to Rule 40 of the Federal Rules of Appellate Procedure for guidance. See In re Lee, 432 B.R. 212, 216 (D.S.C. 2010). That Rule provides, in pertinent part, that a "petition [for rehearing] must state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended and must argue in support of the petition." Fed. R. App. P. 40(a)(2).

In seeking reconsideration, the Debtor first argues that the Order should be corrected to reflect that he did, in fact, pay the entirety of the required filing fee. [Doc. 7 at 2]. As previously noted, the Bankruptcy Court record indicates that the Bankruptcy Clerk received only $200 of the $255 filing fee required for the appeal. The Debtor has not identified anything in the record to the contrary, nor has he produced any evidence to show that the remaining $55 was paid. The Debtor's request for correction of the Court's Order, therefore, is denied.[1]

The Debtor also contends that the Trustee's failure to file a brief in response to his appellate brief should have resulted in a "default" against the

---

[1]Whether or not the Debtor paid the entire filing fee is a moot point, however, because despite the Debtor's apparent failure to pay the full filing fee, the Court proceeded to address his appeal on the merits.

2

Trustee and in an automatic reversal of the Bankruptcy Court's Order. [Doc. 8 at 16]. This argument is entirely without merit. The filing of appellate briefs in a bankruptcy appeal is non-jurisdictional, and the Federal Rules of Bankruptcy Procedure provide no sanction for an appellee's failure to timely file such a brief. See In re Harris, No. 96-2505, 1997 WL 712940, at *1 (4th Cir. Nov. 17, 1997). The decision to sanction an appellee for failing to file a timely brief is a matter entirely within the discretion of the district court. Id. at *2. In its discretion, the Court declines to sanction the Trustee in the manner urged by the Debtor.

Finally, the Debtor attempts to reargue his contentions that the Bankruptcy Court erred in converting his Chapter 13 case to a Chapter 7 and in denying his motion for voluntary dismissal. [Docs. 7-1, 7-2, 8]. A motion for rehearing, however, "is not a means by which to reargue a party's case or to assert new grounds for relief." In re Zegeye, No. Civ. A. DKC 2004-1387, 2005 WL 544763, at *2 (D. Md. Mar. 4, 2005) (citations omitted).

Having considered the Debtor's arguments, the Court finds no point of law or fact that was overlooked or misapprehended. Accordingly, the Debtor's motions for reconsideration, which the Court construes as motions for rehearing, are denied.

**IT IS, THEREFORE, ORDERED** that the Debtor's motions for reconsideration [Docs. 7, 8] are **DENIED**.

**IT IS SO ORDERED.**

Signed: May 17, 2011

Martin Reidinger
United States District Judge